## No. 414
### GOODALL, etc., v. JAMES C. DAVIS, D. G.
Ohio Appeals, 6th Dist., Huron County
No. 161. Decided April 30, 1923

This opinion has not been published except in Abstract.

**DIRECTED VERDICT**—(1) **Proper where no evidence of negligence is introduced.**

RICHARDS, J.:

Epitomized Opinion

Goodall, a minor, was employed on the B. & O. Railroad and was engaged in the business of throwing switches. He had been working at the kind of work for about 9 months. On the occasion of his injury, a cut of cars was approaching the switch, and plaintiff was directed to throw the switch. In attempting to perform this duty it was necessary for him to stoop down and throw a lever. As the lever stuck, he claimed that he injured his back in attempting to raise it. No evidence was introduced showing the cause of the sticking of the lever, and Judge McKnight directed a verdict for defendant. In sustaining this action the Court of Appeals held:

1. As the trouble with the switch did not appear in evidence, the plaintiff failed to show any negligence on the part of the railroad.

Attorneys—Young & Young, for Goodall; G. Ray Craig, for Director General.

## No. 415
### BARTLESVILLE SALVAGE MACH. & SUPPLY CO. v. B. & O. RAILROAD
Ohio Appeals, 6th Dist., Huron County
No. 156. Decided April 30, 1923

This opinion has not been published except in Abstract.

**CARRIERS**—(1) **Proof of loss of goods by carrier.**

CHITTENDEN, J.:

Epitomized Opinion

Plaintiff company was consignee and holder of a negotiable bill of lading for certain iron pipe purchased from The Ohio Supply Company. The pipes were to be shipped from Cleveland to Bartlesville, Okla. The plaintiff claimed that the railroad company did not deliver the amount of pipe purchased and sued for $2,100, which it claimed was the value of the pipe not delivered. In attempting to prove that more pipe had been delivered to the railroad company than the amount delivered to plaintiff in Bartlesville, the bill of lading, which had been made out by the shipper, was introduced in evidence. The bill contained certain weights but was subject to correction by the railroad company. Plaintiff could not show that he paid for the amount claimed to have been shipped. The railroad's weight receipts showed that the company had delivered the amount received. Judge McKnight of Norwalk, Ohio, held for the railroad. In affirming his judgment, the Court of Appeals held:

1. As the burden of proof was on plaintiff to establish that the railroad did not deliver all the goods, the defendant is entitled to a judgment in its favor where plaintiff to establish facts necessary to show such failure on the part of the railroad.

Attorneys—C. L. Kennan and S. A. Wildman, for Salvage Co.; G. Ray Craig, for Railroad.

## No. 416
### HIXSON v. SNYDER, Executor
Ohio Appeals, 6th Dist., Huron County
No. 162. Decided April 30, 1923

This opinion has not been published except in Abstract.

**EPECUTORS**—(1) **Right to withdraw funds from joint account.**

KINKADE, J.:

Epitomized Opinion

Snyder filed an executor's account in the Probate Court of Huron County, and Hixson filed certain exceptions thereto. The account showed the withdrawal of certain moneys in various banks which had been in the decedent's name and his wife's jointly. The evidence also showed that the money belonged to decedent, but that the accounts were taken out in this fashion for convenience. As the Common Pleas court held that the money was the decedent's money, error was prosecuted. In sustaining Judge McKnight of the lower court, the Court of Appeals held:

1. Where it appears that the money belonged to decedent's estate, although the account was maintained as a joint account, the executor is entitled to withdraw the money.

Attorneys—A. M. Beattle, for Hixson; Rowley & Carpenter, for Snyder.

## No. 417
### PURITAN OIL CO. v. R. G. HERSHISER et al.
Ohio Appeals, 6th Dist., Huron County
No. 159. Decided April 30, 1923

This opinion has not been published except in Abstract.

**REFORMATION OF CONTRACTS**—(1) **Reformation not possible where court is unable to determine what parties really intended**—(2) **Only parties to contract or their assigns bound by restrictions contained therein.**

RICHARDS, J.:

Epitomized Opinion

The Puritan Oil Company brought an action in the Common Pleas Court of Huron County for the purpose of obtaining an injunction and the reformation of a written instrument, made between the parties relating to the drilling of certain oil wells. Plaintiff had leases on certain farms in Huron county and also had a restrictive contract signed by the defendants Hershiser and Landefeld, but not signed by the Ralberha Oil Company. The agreement profided that the defendants (except the Ralberha Co.) were not to drill any wells within 200 feet of plaintiff's land on any land then owned or held by them. Later the Ralberha Co. purchased or leased land adjacent to the plaintiff's land for the purpose of drilling an oil well. Plaintiff then brought suit to enjoin the defendants from operating for oil and also to reform the deed, claiming that the deed should be reformed to include not only the land then owned or leased but also any other land at a subsequent time. Plaintiff also contended that inasmuch as Hershiser and Landefeld were agents of the Ralberha Co., the company was charged with notice of this agreement and also bound. As the lower court refused relief, plaintiff prosecuted an appeal. Held:

1. As the evidence is so conflicting that it is impossible to determine just what the parties intended, no reformation was possible.

2. As the Ralberha Co. was not a party to the contract, either directly or indirectly, it is not restricted by the agreement although it was charged with knowledge of its existence.

Decree for defendants.

Attorneys—Young & Young and Pfeiffer & Fults, for Puritan Co.; Rowley & Carpenter, for Hershiser et al.